UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO LEE O'BANNON                                            PLAINTIFF

v.                                        CIVIL ACTION NO. 3:24CV-P430-JHM

KCPC *et al.*                                                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Antonio Lee O'Bannon filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.  SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is housed at the Kentucky Correctional Psychiatric Center (KCPC). He sues KCPC and Ron Jackson in his individual and official capacities.

Plaintiff states as follows:

I ask B.H.T. Ron Jackson to put a tracker on my legal mail that I sent out to WDRB News certified mail, due to KCPC history of tampering with my outgoing mail. The facility claim to have place a tracker on the package. But I did not receive an address where the package was delivered to. I feel that my certified mail wasn't delivered to the address on my certified mail receipt.

He attaches a copy of the United States Postal Service tracking information, the certified mail receipt, and a grievance form he completed.

As relief, Plaintiff seeks compensatory and punitive damages.

**II.  STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

2

The Court construes the complaint as alleging a constitutional violation based on Jackson's failure to provide Plaintiff with a tracking number for mail he sent to the WDRB news station. Even assuming that the mail was legal mail as Plaintiff claims, there is no constitutional right to have mail sent certified mail or to receive a return receipt. *See Perfetto v. Ellis*, No. 18-1124, 2019 U.S. App. LEXIS 39599, at *2 (1st Cir. Oct. 2, 2019) ("An institutional decision to avoid this additional cost and burden by providing access only to 'standard' mail services does not establish a constitutional violation."); *Cotten v. Schotten*, No. 95-4085, 1997 U.S. App. LEXIS 13234, at *3 (6th Cir. June 4, 1997) ("[T]here is no constitutional right to receive a return receipt in the mail."); *Dennison v. Ky. Dep't of Corr.*, No. 3:14-cv-P679-DJH, 2015 U.S. Dist. LEXIS 55798, at *12 (W.D. Ky. Apr. 29, 2015) ("[A] prisoner has no constitutional right to have his mail sent certified."); *Snoderly v. Osborne*, No. 4:08CV-P149-M, 2010 U.S. Dist. LEXIS 19227, at *5 (W.D. Ky. Mar. 4, 2010) ("There is no constitutional right to send mail certified or return receipt requested."). Therefore, Plaintiff's claim based on not being given a tracking number must be dismissed for failure to state a claim.

In addition, the Court observes that Plaintiff attached the tracking information from the United States Postal Service (USPS) to his complaint. The information shows that he was given a tracking number and that the mailing was delivered to a "front desk/reception/mail room." Plaintiff's claim that the tracking information does not contain an address for the delivery is actually a dispute with the adequacy of the information provided by the USPS and not with any action on the part of Defendants. The complaint must be dismissed for failure to state a claim on this basis, as well.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:    December 2, 2024

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:     Plaintiff, *pro se*
4414.010